**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELKIN CARMONA, YESI AVILES, FREDY HERAS, OSCAR MARTINEZ, and JOSE CHUYA, individually and on behalf of other employees similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15 C 8362 |
| v. | ) ) | Judge Joan B. Gottschall |
| THE PROFESSIONALS, INC. and JACOB TWIG, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants once again move to dismiss plaintiffs' claims for failure to state a claim upon which relief may be granted. For the reasons set forth below, the court grants in part and denies in part defendants' motion [49] to dismiss. Specifically, the court denies defendants' motion to dismiss as to Counts I and II. The court grants defendants' motion to dismiss Count III and hereby dismisses Count III with prejudice. Defendants are granted until May 12, 2017 to answer. This case is set for a status hearing on May 17, 2017 at 9:30 a.m.

**A.     Background**

The court previously dismissed plaintiff's complaint on the grounds that plaintiff Elkin Carmona ("Carmona") had not sufficiently alleged plausible claims. Plainitiff has since filed a second-amended complaint in which, among other things, he adds four additional named plaintiffs. Plaintiffs have also included additional allegations that flesh out their claims. For purposes of this motion to dismiss, the court accepts as true the facts alleged in plaintiffs'

second-amended complaint. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013).

Plaintiffs Carmona, Yesi Aviles ("Aviles"), Fredy Heras ("Heras"), Oscar Martinez ("Martinez") and Jose Chuya ("Chuya") allege that defendant The Professionals, Inc. (the "Professionals" or the "employer") hired them to work for it in connection with its moving business. Defendant Jacob Twig ("Twig") owns the Professionals.

Plaintiffs Martinez and Chuya allege that they worked as foremen for defendants. Their regular rate of pay was $15.00 per hour. Plaintiffs Carmona and Aviles worked for defendants as movers, and their regular rate of pay was $14.00 per hour. Carmona also worked as a driver, as did Heras, whose regular rate was also $14.00 per hour.

Plaintiffs allege that they regularly worked more than 40 hours per week. Carmona regularly worked up to 75 hours per week, while Aviles, Martinez, Chuya and Heras regularly worked up to 70 hours per week. Plaintiffs' work during the hours that exceeded 40 per week included their regular duties plus travel time between job sites and travel time from the last job site of the day back to the warehouse.

Plaintiffs allege that defendants paid them "their regular hourly rate for all hours worked, including hours worked more than forty (40) hours per week." (Second Am. Complt. ¶ 38). Defendants did so by paying plaintiffs "in cash, at their regular hourly rate" for the hours in excess of 40 per week. (Second Am. Complt. ¶ 40). Defendants did not, however, pay plaintiff the extra one-half time (for a total of time-and-a-half) for their overtime hours.

Plaintiffs assert that defendants' actions constitute violations the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I), the Illinois Minimum Wage Law, § 820 Ill.

Comp. Stat. § 105/1, *et seq*. ("IMWL") (Count II) and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1, *et seq*. ("IWPCA") (Count III).

Defendants move to dismiss plaintiffs' claims for failure to state a claim.

**B.      Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 550 U.S. at 555.

**C.      Analysis**

   **1.      Plaintiffs' FLSA and IMWL Claims**

Both the FLSA and the IMWL require an employer to pay an employee one-and-one-half times her regular hourly wage for any hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1); 820 Ill. Comp. Stat. § 105/4a(1).

Previously, the court dismissed Carmona's claims for failing to state a plausible claim. Carmona's original complaint alleged merely a formulaic recitation of the elements of his causes of action. Accordingly, the court dismissed the claims with leave to amend. Plaintiffs have now alleged additional facts, but defendants still think plaintiffs' claims are not plausible. The court disagrees.

To state a claim, plaintiffs need not plead evidence; they need only to allege enough to make their claim plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Plaintiffs have done so here. Each plaintiff has alleged his regular rate of pay. Each plaintiff has alleged the usual quantity of hours he worked in a week. Each plaintiff has alleged that he was paid his regular rate for every hour that he worked, including payment in cash for hours in excess of forty per week. This allegation makes it plausible that plaintiffs have a claim for overtime compensation, because, although they were paid their straight-time (in cash for hours worked in excess of forty), they were not paid the extra one-half time (for a total of one-and-one-half times their regular rate), as is required by the FLSA and IMWA.

Plaintiffs have stated plausible claims under the Fair Labor Standards Act and the Illinois Minimum Wage Act. Accordingly, defendants' motion to dismiss is denied as to Counts I and II.

2. **Plaintiffs' IWPCA Claim**

The Illinois Wage Payment and Collection Act requires that employers pay employees (within a certain time period) all wages and benefits they have *agreed* to pay. It is not, however, a minimum pay statute, so the mere violation of the overtime provisions of the FLSA or IMWL will not, without a violation of an agreement, support a claim under the IWPCA. *Gallardo v. Scott Byron & Co.*, Case No. 12-cv-7202, 2014 WL 126085 at *14 (N.D. Ill. Jan. 14, 2004). Rather, to state a claim under the IWPCA, a plaintiff must allege that he has a valid contract or agreement with an employer that entitles him to the claimed wages. *Cohan v. Medline Indus., Inc.*, No. 14 C 1835, 2016 WL 1086514, at *9 (N.D. Ill. Mar. 21, 2016) (citing *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012)). An "agreement" is "broader than a contract" and

"requires only a manifestation of mutual assent on the part of two or more persons." *Id*. (quoting *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004)).

Plaintiffs allege that they and defendants "had a mutual assent that Defendants would pay Plaintiffs all wages earned during the relevant pay period at their hourly rate." (Second Am. Compt. ¶ 79). Defendants argue that this conclusory allegation is insufficient to make out a plausible claim under the IWPCA. If that were all plaintiffs had alleged, then the court would agree that plaintiffs had failed to state a plausible claim and the court would again dismiss Count III for failure to state a claim.

Plaintiffs allege more, however, in ¶¶ 38 and 40, which are incorporated by reference into Count III. (Second Am. Complt. ¶70). The problem, though, is that although the allegations in ¶¶ 38 and 40 plausibly suggest the existence of an agreement to pay plaintiffs their hourly rate for all hours worked, those same allegations defeat the claim (as defendants have pointed out previously). Specifically, plaintiffs allege that defendants "paid Plaintiffs their regular hourly rate for *all* hours worked, including hours worked more than forty (40) hours per week" by paying plaintiffs "in cash, at their regular hourly rate" for hours in excess of forty per week. (Second Am. Complt. ¶¶ 38, 40) (emphasis added). Those allegations (that defendants paid plaintiffs in cash at their regular rate for hours worked in excess of forty per week) make it plausible that defendants actually agreed with plaintiffs to pay plaintiffs for all of their hours worked. Unfortunately for plaintiffs, the very same allegations are also an admission that plaintiffs cannot prevail on their IWPCA claims, because defendants already paid plaintiffs for "all" of the hours they worked. (Second Am. Complt. ¶ 38). Thus, the very allegation that makes Count III plausible also makes it impossible for plaintiffs to prevail. Plaintiffs have

pleaded themselves out of court on Count III. *Tamayo*, 526 F.3d at 1086 ("A plaintiff 'pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.'").

Perhaps the court should not consider the allegations in ¶¶ 38 and 40 in connection with Count III, despite plaintiffs' incorporating them by reference. After all, plaintiffs have alleged elsewhere in their complaint that they worked some hours that went unpaid (Second Am. Complt. ¶ 81), and plaintiffs are allowed to plead claims in the alternative. Fed.R.Civ.P. 8(d)(3). The rules of pleading, however, "permit inconsistencies in legal theories" but "do not tolerate factual inconsistencies in a complaint[.]" *Tamayo*, 526 F.3d at 1086. Thus, the court cannot ignore the allegations. Even if the court ignored ¶¶ 38 and 40 for purposes of the IWPCA claim, the court would still be left with the same ultimate result. Without those allegations, plaintiffs have not, despite three attempts, plausibly alleged the existence of an agreement to pay them their hourly rate for all hours worked.

Whether Count III is dismissed because plaintiffs pleaded themselves out of court or because plaintiffs failed to allege a claim plausibly despite three attempts, the result is the same: dismissal with prejudice.

**D.      Conclusion**

For these reasons, the Court grants in part and denies in part defendants' motion to dismiss. The motion is denied as to Counts I and II. Count III is dismissed with prejudice. Defendants are granted until May 12, 2017 to answer plaintiffs' remaining claims. This case is set for status on May 17, 2017.

Date:   April 14, 2017                              /s/
                                                    Joan B. Gottschall
                                                    United States District Judge